IN THE UNITED STATES DISTIRCT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KAREN RENEE PRESTON,<br>    Plaintiff, | )<br>) |
| | ) Case No. 7:19-cv-00243 |
| v. | )<br>) By: Michael F. Urbanski |
| BRIAN ROBERT GRIMES, et al.,<br>    Defendants. | ) Chief United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Karen Renee Preston's motion to strike the proposed deposition errata sheet of Nathan L. Guerette, M.D., pursuant to Federal Rule of Civil Procedure 30(e). Mot. to Strike, ECF No. 31. Preston argues that the changes made by Dr. Guerette are substantive and improperly change the meaning of his testimony. ECF No. 32 at 3. Defendants Brian Robert Grimes and Walmart Transportation, LLC ("Wal-Mart"), deny that the changes are substantive and argue that Preston's motion should be denied. ECF No. 33. Preston filed a reply, ECF No. 34, and the court heard the parties' arguments on November 16, 2020. ECF No. 37. For the reasons explained herein, the court will **DENY** Preston's motion to strike, but will **ORDER** the parties to re-open Dr. Guerette's deposition at Grimes's and Wal-Mart's expense so that Preston may question Dr. Guerette about his changes, but nothing more.

**I.    Background**

Preston was driving a Franklin County Public Schools bus on her usual daily route when a tractor trailer driven by Grimes slammed into the front driver's side of the bus. Compl., ECF No. 1-1 at ¶¶ 2–6. The tractor trailer is owned by and registered to Wal-Mart.

1

Id. at ¶ 1. Preston filed a two-count negligence action against Grimes, Wal-Mart, and John Doe in the state circuit court for Franklin County. Id. at 1–5. Grimes and Wal-Mart removed the action to this court on March 15, 2019, which has diversity jurisdiction over the action under 28 U.S.C. §§ 1441 and 1446, as the Preston is domiciled in Virginia, Grimes is domiciled in North Carolina, and Wal-Mart is incorporated in Delaware and maintains its principal place of business in Arkansas. ECF No. 1 at 1–3. The parties deposed Dr. Guerette, an expert witness for Grimes and Wal-Mart, on June 23, 2020. ECF No. 32 at 1.

Preston received an errata sheet for Dr. Guerette on August 31, 2020,[1] which makes 10 corrections to his deposition transcript. Id. In some instances, Dr. Guerette clarifies that he had reviewed certain materials before his deposition, such as by changing "I can't give you a definitive answer," ECF No. 32-1, Guerette Dep. 15:19, to "I misspoke and upon further review I did read the plaintiff's deposition," ECF No. 32-2, Guerette Errata Sheet 67:6–8. In other instances, he adds factual information seemingly derived from a post-deposition review, such as changing his response to a question regarding Preston's first reported incontinence following the accident from "two to three days" at the earliest with some reports indicating later dates, Guerette Dep. 44:11–13, to "December 5th, 25 days after the accident," Guerette Errata Sheet 68:12–14.

## II. Analysis

Federal Rule of Civil Procedure 30(e)(1) allows a deponent to review the transcript of his deposition and make "changes in form or substance" by "sign[ing] a statement listing the

---

[1] Federal Rule of Civil Procedure 30(e)(1) provides the deponent 30 days to make changes to his deposition. Though Preston received the errata sheet two months after the deposition, she does not make any argument that the changes were untimely and so the court considers the changes to have been made in a timely manner.

2

changes and the reasons for making them." "Courts in the Fourth Circuit uniformly allow deponents to make minor form changes and corrections to transcription errors under Rule 30(e)." Grottoes Pallet Co., Inc. v. Graham Packaging Plastic Products, Inc., No. 5:15-cv-00017, 2016 WL 93869, at *3 (W.D. Va. Jan. 7, 2016) (citing E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 277 F.R.D. 286, 296 (E.D. Va. 2011); Foutz v. Town of Vinton, Va., 211 F.R.D. 293, 294 (W.D. Va. 2002)). The question raised here, which is identical to the one raised in Grottoes Pallet Co., is "whether Rule 30(e) allows deponents to make substantive, material changes to their prior testimony by means of an errata sheet." 2016 WL 93869, at *3. Grimes and Wal-Mart do not deny that the changes Dr. Guerette proposes are substantive but argue that they are allowed under Rule 30(e) and this court's prior cases. ECF No. 33 at 4.

The Fourth Circuit has not yet defined the scope of Rule 30(e) and other circuits have defined it somewhat differently. Id. (citing E.E.O.C. v. Skanska USA Bldg., Inc., 278 F.R.D. 407, 410–11 (W.D. Tenn. 2012) (collecting cases)); see also Ashmore for Wilson v. Sullivan, No. 8:15-cv-00563-JMC, 2018 WL 507792, at *2 (D.S.C. Jan. 23, 2018) ("[C]ourts are divided respecting the leeway to be given to deponents under Rule 30(e) to alter the substance of prior testimony, and there is no controlling authority on point in the Fourth Circuit...."). There are generally two approaches: the "traditional" approach and the "modern" one. See id.; see also Foutz, 211 F.R.D. at 294; Gilliam v. Valmont-Columbia Galvanizing, Inc., No. 3:13-cv-1575, 2015 WL 4429350, at *4 (D.S.C. July 20, 2015). The traditional approach is quite permissive and "allows deponents to include almost any change in an errata sheet, so long as the deponent meets the procedural requirements of Rule 30(e)."

3

Grottoes Pallet Co., 2016 WL 93869, at *3. The modern approach is narrower and only allows "corrections to transcriptions errors made by the court reporter." Id. (citing E.I. du Pont, 277 F.R.D. at 298; Trout v. FirstEnergy Generation Corp., 339 F. App'x 560, 565 (6th Cir. 2009)).

In Grottoes Pallet Co., this court adopted the case-by-case approach used by the Third Circuit, which considers both the nature and the timing of the errata sheet changes. 2016 WL 93869, at *5 (citing EBC. Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 268 (3d Cir. 2010)). Analogizing its approach to the "sham affidavit" doctrine, which prevents a party from avoiding summary judgment merely by submitting an affidavit that contradicts prior testimony, the Third Circuit explained:

> Where proposed changes squarely contradict earlier testimony materially bearing on the case, preserving the original testimony or reopening the deposition may often prove to be insufficient remedies. Moreover, requiring trial judges in all cases to permit contradictory alterations could risk the defeat of summary judgment in a large swath of cases for which a Rule 56 disposition otherwise would be appropriate. Preservation of the original testimony for impeachment at trial serves as cold comfort to the party that should have prevailed at summary judgment. And reopening the deposition before disposition might not be a sufficient remedy, for the deponent who has reviewed his original testimony and settled on an opposite answer may prove unimpeachable.

Grottoes Pallet Co., 2016 WL 93869, at *5 (quoting EBC. Inc., 618 F.3d at 268). "While the Fourth Circuit has not adopted the Third Circuit's case-by-case approach to Rule 30(e), it has recognized the sham affidavit doctrine...." Grottoes Pallet Co., 2016 WL 93869, at *5 (citing Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984); Stevenson v. City of Seat Pleasant. Md., 743 F.3d 411, 422 (4th Cir. 2014) (applying the sham affidavit doctrine)). The court is still persuaded that the case-by-case approach is best.

4

But this case falls on the opposite end of the spectrum from Grottoes Pallet Co. when it comes to timing. The errata sheet at issue in Grottoes Pallet Co. directly contradicted prior testimony of other experts and was filed only five days before the plaintiff's summary judgment deadline. 2016 WL 93869, at *6. Under those circumstances, this court held that it would not allow the defendant "to use Rule 30(e) to inject new factual disputes into the summary judgment record that did not exist previously." Id.

This case is not under a similar time crunch. Trial is currently set to begin on June 28, 2021, and dispositive motions are due 75 days prior to that. ECF Nos. 30, 18. The parties have ample time to factor into their case strategies the changes made in Dr. Guerette's errata sheet. Moreover, there's no evidence that Dr. Guerette, Grimes, or Wal-Mart are acting in bad faith. Grimes and Wal-Mart plainly acknowledge that the errata sheet changes are substantive, but explain that Dr. Guerette was not accustomed to being deposed remotely over Zoom, did not have access to all of his case materials, and made certain mistakes in his deposition because of these challenges. Preston acknowledges that the main impact of the errata sheet is to undermine her impeachment of his credibility during the deposition. ECF No. 32 at 4. As Grimes and Wal-Mart acknowledge, the proper remedy here is to re-open the deposition so that Preston is afforded the opportunity to question Dr. Guerette about his changes—not to strike the entire errata sheet. See id. (citing Foutz, 211 F.R.D. at 295).

### III. Conclusion

For these reasons, the court will **DENY** Preston's motion to strike Dr. Guerette's deposition errata sheet, ECF No. 31. To address her concerns, the court will **ORDER** that Dr. Guerette's deposition be re-opened at Grimes's and Wal-Mart's expense so that Preston

5

may question Dr. Guerette about his changes, but she may not question him about matters beyond that.

The clerk is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record. An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 15, 2021

Michael F. Urbanski
Chief United States District Judge