IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KAREN RENEE PRESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-CV-00243 |
| ) | |
| BRIAN ROBERT GRIMES, ) | |
| WALMART TRANSPORTATION, LLC, ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**WALMART TRANSPORTATION, LLC'S BRIEF IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S "REBUTTAL" EXPERTS**

COMES NOW the defendant, Walmart Transportation, LLC, (hereinafter referred to as "Walmart"), by counsel, and moves to strike Plaintiff's experts Matthew Dwyer, Gregory Jay, and George Lazarou because they are not true "rebuttal" experts and were untimely disclosed. [ECF No. 0045]. In support of this Motion, Walmart states as follows:

**FACTUAL BACKGROUND**

This is a personal injury lawsuit arising from an intersection accident involving a school bus driven by Plaintiff and a Walmart tractor trailer. Plaintiff was turning right at the intersection, and has testified that she was traveling 5 mph, "if that," when the accident occurred. [Preston Depo., **Exhibit A**, at p. 144, l. 10-14]. The left front of Plaintiff's school bus brushed the right-side rear wheels of the Walmart tractor, scraped the right-side of the trailer and impacted the trailers right-side rear wheels that was traveling left-to-right through the intersection. Pursuant to the expert deadlines in this case, Plaintiff, who has the burden of proof, was required to disclose expert witnesses on April 1, 2020. [ECF No. 0018]. In turn, Defendants were required to disclose experts by May 1, 2020.[1]  *Id*.

---

[1] Pursuant to the Court's Oral Order of April 3, 2020, this deadline was extended to June 1, 2020.

{1159/0002/ 00200018.DOCX }1

Though this case involves an intersection accident with a claim of personal injury, Plaintiff chose not to designate (1) an accident reconstruction expert, or (2) an expert in biomechanics. Given the nature of this lawsuit, experts in these fields should have been reasonably anticipated by the litigants.

With just over 100 days left before trial, and approximately a month and a half before the March 31, 2021, deadline for completion of discovery, and after deposing three Walmart experts, Plaintiff named a new slate of experts on February 12, 2021, all of whom should have been disclosed by April 1, 2020. Plaintiff's new experts are:

(1) **Matthew Dwyer**, a putative accident reconstruction expert;

(2) **Dr. Gregory Jay**, a putative expert in the field of biomechanics and injury mechanism; and

(3) **Dr. George Lazarou**, a second urogynecology expert.[2]

*See* [ECF No. 0045]. Clearly, these are not rebuttal experts. These are experts that should have been disclosed with Plaintiff's experts in chief. Because they were not timely disclosed, they should be stricken.

## BACKGROUND

On May 24, 2019, the Court entered the parties' Scheduling Order [ECF No. 0008], which set forth deadlines for expert disclosures. On June 6, 2019, the parties agreed to a Rule 26 Discovery Plan, which contained many deadlines that revised those set forth in the Court's Scheduling Order. *See* [ECF No. 0009]. Thereafter, on January 17, 2020, the Court entered an amended scheduling Order, [ECF No. 00018], requiring Plaintiff to supplement any expert disclosure or provide any additional expert disclosures no later than **April 1, 2020**, while

---

[2] Plaintiff previously designated William J. Greer M.D. as a urogynecology expert in December 2019. *See* [ECF No. 0011 at p. 8]. Dr. Greer's deposition is scheduled for March 12, 2021.

Defendants were required to do so by May 1, 2020.[3] Trial is now set to begin June 28, 2021. Discovery is set to be completed by March 30, 2021.

On February 12, 2021, more than 10 months *after* Plaintiff was required to disclose her experts, Plaintiff disclosed three new experts to address issues squarely to meet Plaintiff's burden of proof: Matthew Dwyer, an accident reconstructionist, Gregory Jay, a biomechanical engineer, and George Lazarou, a urogynecology and reconstructive pelvic surgeon. *See* [ECF No. 0045].

Plaintiff contends these experts are "rebuttal" experts. However, it is clear their opinions are not offered in rebuttal at all but should have been disclosed as part of Plaintiff's expert disclosures due April 1, 2020, more than nine months ago. Because Plaintiff's new experts are not truly offered in rebuttal, they were untimely disclosed. Therefore, Walmart respectfully requests the Court strike Plaintiff's rebuttal expert disclosures.

Alternatively, if the Court determines that Plaintiff has timely disclosed these new experts, Walmart respectfully requests that the Court enter an Order extending the deadline for completion of discovery, extending the deadline for challenging the admissibility of expert testimony, and continuing the trial setting.

## LEGAL STANDARD

In the Fourth Circuit, rebuttal evidence is defined as follows:

> In the context of expert opinions, the Federal Rules of Civil Procedure define rebuttal evidence as "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed.R.Civ.P. 26(a)(2)(D)(ii). A party may not offer testimony under the guise of "rebuttal" only to provide additional support for his case in chief. The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief. Similarly, the Fourth Circuit has held that ordinarily, rebuttal evidence may be introduced only to counter new facts presented in the defendant's case in chief.

---

[3] As noted, this deadline was extended to June 1, 2020 per the Court's order.

*Wise v. C. R. Bard, Inc.*, 2015 WL 461484, at *2 (S.D. W. Va. Feb. 3, 2015) (internal quotations and citations omitted).

**ARGUMENT**

I. **Plaintiff's Experts Disclosed on February 12, 2021 are Not Offered in Rebuttal.**

Plaintiff identified three "rebuttal" experts in her February 12, 2021, disclosures, Matthew Dyer, Gregory Jay, and George Lazarou. [ECF No. 0045]. However, a review of their expert reports demonstrates that all three of these experts should have been disclosed by the initial deadline for Plaintiff's expert disclosures, as they do nothing but provide additional support for Plaintiff's case-in-chief. *See Wise*, 2015 WL 461484, at *2. Further, Plaintiff knew or could have reasonably anticipated that Walmart would contest how the accident occurred and Plaintiff's alleged injuries. Therefore, she is required to put in her evidence on these issues as part of her case-in-chief, and, as a result, should have disclosed these experts by the April 1, 2020 deadline. *See* [ECF No. 0018]; *Wise*, 2015 WL 461484, at *2 ("The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief."); *see also Hammers v. Douglas County*, 2016 WL 6804905, at *3 (D. Kan. Nov. 16, 2016) ("The court is within its discretion to exclude rebuttal evidence if, for example, plaintiffs seek to rebut 'defense theories which they knew about or reasonably could have anticipated.'" (citation omitted)). Therefore, all three of her rebuttal experts should be excluded.

A. **Matthew Dwyer's Expert February 12, 2021 Report is Not in Rebuttal to that of Walmart's Traffic Crash Reconstruction Expert, Stephen Chewning.**

Plaintiff contends that Matthew Dwyer, a "forensic crash reconstructionist," is meant to rebut the opinions of Stephen Chewning, Walmart's traffic crash reconstructionist, who was originally designated June 1, 2020. *See* [ECF No. 0025]. While Mr. Dwyer's report references Mr. Chewning's accident reconstruction, [ECF No. 0045-1], the report itself is nothing more than

Mr. Dwyer's "interpretation of physical evidence, which had always existed during the pendency of th[is] lawsuit[.]" *Allen v. Prince George's County, Md.*, 737 F.2d 1299 (4th Cir. 1984) (citation omitted) (finding that the appellants could have come up with the data before rebuttal if they wanted to do so, meaning the expert opinions offered were not rebuttal evidence).

For example, Mr. Dwyer's report identifies what he believes caused the scratch marks following the accident, where he believes the tractor-trailer came to rest based on photographic evidence, his estimation of the bus speed at impact, and his interpretation of the significance of the impact, among other opinions. [ECF No. 0045-1, p. 12]. All of his opinions, while couched as rebuttal, are simply opinions that support Plaintiff's case-in-chief, i.e., that the accident facts are such that the accident caused her alleged injuries. *Steel v. Kenner*, 129 Fed.Appx. 777, 780 (4th Cir. 2005) ("Rebuttal evidence may be introduced only to counter new facts presented in the defendant's case-in-chief. A party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief." (citations omitted)). Therefore, because Plaintiff did not obey the applicable scheduling order in this action, as she did not timely identify Mr. Dwyer in her expert disclosures, Mr. Dwyer should be excluded. *See* Fed. R. Civ. P. 16(f).

### B. Gregory Jay's Opinions In His December 3, 2020 Report[4] Do Not Rebut Walmart's Experts' Opinions.

Plaintiff presumably contends that Gregory Jay is meant to rebut the opinions of defense experts Stephen Chewning and Mark Sochor, although this is less than clear from Dr. Jay's report. [ECF No. 0045-5]. Dr. Jay's report indicates that he has reviewed the reports of Walmart's experts Chewning and Sochor, but his report appears to contain his own analysis of

---

[4] Dr. Jay's report is dated December 3, 2020. Yet, Plaintiff did not furnish his report until February 12, 2021, more than two months later. Plaintiff offers no explanation for this delay. Moreover, although Dr. Jay's report was dated December 3, 2020, Plaintiff did not disclose the existence of this report and took the deposition of Walmart's biomechanic expert on January 26, 2021.

injury causation issues which should have been disclosed no later than April 1, 2020. [ECF No. 0018].

Again, Plaintiff knew or could have easily anticipated that Walmart would contest the mechanism(s) of Plaintiff's claimed injuries, and, as a result, should have disclosed such testimony with her original expert disclosures. *See* [ECF No. 0025]; **Wise**, 2015 WL 461484, at *2.

Further, it is clear from Dr. Jay's report that it is not meant as rebuttal, as its stated purpose is to determine whether the "forces involved in the collision … were a causative factor in Ms. Preston's injuries." *See* [ECF No. 0045-5, p. 1]. Dr. Jay's report is essentially his opinions as to the forces involved and has almost nothing to do with the opinions of Walmart's experts other than to declare that he reached a different conclusion. *Id*. at p. 11-12. In fact, none of Dr. Jay's conclusions even mention Walmart's experts or their opinions. *Id*. Dr. Jay's report is not a rebuttal report "intended solely to contradict or rebut evidence on the same subject matter identified by another party," but is a means of offering new expert opinions in this action. **Wise**, 2015 WL 461484, at *2; **Funderburk v. South Carolina Elec. & Gas Co.**, 2019 WL 3406814, at *4 (D.S.C. Jul. 9, 2019) ("[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of the prior report, do not qualify as proper rebuttal or reply reports." (citation omitted)). Therefore, like Mr. Dwyer, Dr. Jay should be excluded. *See* Fed. R. Civ. P. 16(f).

**C. George Lazarou's Opinions do Nothing but Provide Additional Support for Plaintiff's Case-in-Chief.**

As for George Lazarou, neither Plaintiff nor Dr. Lazarou identify whose opinions his are meant to rebut. Rather, Dr. Lazarou provided an "expert witness report in connection with [his] evaluation of the injuries and damages suffered by Karen Preston[.]" [ECF No. 0045-8, p. 1]. He does not even bother to couch his opinions as rebuttal. For example, Dr. Lazarou states that "[i]n

[his] opinion, Ms. Preston was in a motor vehicle collision with a tractor trailer at approximately 50-55 mph, resulting in soft tissue trauma injury involving the pelvic nerves and causing neurogenic bladder disorder." *Id*. at p. 7; *see also* p. 8 ("it is my opinion that the collision caused significant nerve damage" and "[t]his disability, in my opinion, is chronic and most likely permanent").

Dr. Lazarou's report does not rebut the opinions of any of Walmart's experts. Rather, Dr. Lazarou's opinions are cumulative and constitute nothing more than improper bolstering, as Plaintiff has already designated Dr. William Greer as an expert in urogynecology to testify regarding Plaintiff's alleged injuries and her medical status. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … needlessly presenting cumulative evidence"); *see also* **Bright v. Ohio Nat'l Life Assurance Corp.**, 2012 WL 12888316, at *2 (N.D. Okla. Nov. 29, 2012) (excluding expert report that did nothing but bolster the conclusions of another expert); **Settle v. Stepp**, 2020 WL 5832000, at *2 (S.D.W. Va. Sept. 30, 2020) ("As a general principle, '[b]olstering occurs when the testimony's sole purpose is to enhance the credibility of a witness or source of evidence, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'") (citation omitted)). Therefore, his opinions are simply additional support for Plaintiff's case-in-chief regarding her alleged injuries. *See* **WPS Inc. v. Am. Honda Motor Co. Inc.**, 2017 WL 4216159, at *3 (D.S.C. Sept. 22, 2017) (finding that where the plaintiff's experts' reports did "not purport to even address the specifics of [the defendant's] experts' reports" they did "not qualify as rebuttal" and were excluded). Thus, Dr. Lazarou should be excluded.

## II. There is No Good Cause or Substantial Justification for Plaintiff's Untimely Expert Disclosures.

As explained above, Plaintiff should have disclosed all three of her new experts as part of her expert disclosures, which, pursuant to the Court's amended Scheduling Order, were due by April 1, 2020.[5] [ECF No. 0018]. Instead, Plaintiff waited until February 12, 2021 to disclose these new experts, claiming them as "rebuttal" experts even though they were disclosed over eight months after Walmart disclosed the opinions Plaintiff's new experts were meant to rebut. *See* [ECF No. 0025]. Because Plaintiff failed to identify these experts pursuant to the April 1, 2020 deadline, her disclosures are untimely. Plaintiff has provided no justification or good cause for this late disclosure. Therefore, the Court should find her disclosures untimely and strike all reports and evidence from Mr. Dwyer, Dr. Jay, and Dr. Lazarou. *See* Rule 37.

According to Rule 37(c)(1), "Failure to Disclose, to Supplement an Earlier Response, or to Admit," "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit has provided the following factors regarding whether a nondisclosure is "substantially justified or harmless:"

> We therefore hold that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

---

[5] Even if Plaintiff contends that the parties' Discovery Plan [ECF No. 0009] should apply, Plaintiff would have been required to disclose her experts-in-chief by January 29, 2021, or 150 days prior to trial, which is set for June 28, 2021. Because Plaintiff did not disclose these additional experts until February 12, 2021, [ECF No. 0045], they remain untimely under either the Court's amended Scheduling Order or the parties' Discovery Plan.

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (stating that the first "[f]our of these factors … relate mainly to the harmlessness exception, while the remaining factor … relates primarily to the substantial justification exception").

Here, Plaintiff has no justification for her late disclosures, and the late disclosures clearly are not harmless. First, the late disclosures—almost 10 months after the original deadline—is surprising, as Walmart would expect such experts to be disclosed as part of Plaintiff's case-in-chief. *See* **Hammers**, 2016 WL 6804905, at *3 ("The court is within its discretion to exclude rebuttal evidence if, for example, plaintiffs seek to rebut 'defense theories which they knew about or reasonably could have anticipated.'" (citation omitted)). Second, there is not sufficient time to cure the surprise given the short time before trial, particularly as Walmart has already put tremendous time and expense in its trial preparation. Third, allowing such evidence would certainly disrupt the trial, as the evidence was not considered by Walmart's experts when giving their opinions. Fourth, regarding the importance of the evidence, it is minimized given that Plaintiff has already disclosed numerous other experts. *See* [ECF No. 0011]. Finally, Plaintiff's explanation for disclosing these experts as rebuttal rather than as part of her expert disclosures is not supported by her new experts' reports, as they are not true rebuttal evidence for the reasons set forth above.

To the extent Plaintiff contends that Rule 16(f) related to discovery plans should apply, Plaintiff's experts fair no better. "In deciding whether to impose sanctions under Rule 16(f), a district court considers the following four factors: '(1) the reason for failing to name the witness [or failing to complete expert reports]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Thompson v. U.S.*, 2015 WL 2412249, at *4 (W.D. Va., May 21, 2015).

First, Plaintiff's failure to disclose her new experts as part of her expert disclosures is not excused by her classifying them as "rebuttal," as they are not true rebuttal witnesses. Second, as

noted above, Plaintiff has already disclosed numerous experts, including as it relates to liability and damages, diminishing any importance Plaintiff's new experts. *See* [ECF No. 0011].

Third, Walmart will be severely prejudiced if Plaintiff's new experts are permitted, as Walmart has no ability to address or rebut any of Plaintiff's new opinions, given that the deadline to supplement expert opinions passed months ago. Further, Plaintiff waited until after deposing Walmart's experts to present this new evidence, thereby ensuring that Walmart would not have the opportunity to respond. *See* **Exhibit B**, Deposition Transcript Title Page of Stephen Chewning (showing deposition was taken January 22, 2021); **Exhibit C**, Deposition Transcript Title Page of Mark Sochor (showing deposition was taken January 26, 2021); **Exhibit D**, Deposition Transcript Title Page of Nathan Guerette (showing deposition was taken June 23, 2020). Such gamesmanship should not be rewarded. Finally, given the upcoming trial schedule, including that Walmart has spent months formulating its trial strategy, and the necessary time and expense that would be needed to cure the prejudice caused by Plaintiff, a continuance should not be granted.

Fourth Circuit caselaw is in accord. *See e.g.* ***Proffit v. Veneman***, 2002 WL 1758232 (W.D. Va. Jul. 15, 2002) (affirming magistrate's exclusion of rebuttal expert because the defendant failed to comply with a disclosure schedule that was set by joint motion); ***Wise***, 2015 WL 461484, at *2-4 (finding that the "rebuttal" opinions offered by the plaintiffs were not offered in rebuttal and should have been disclosed in their initial expert disclosures); ***First Am. Title Ins. Co. v. Bowles Rice, LLP***, 2018 WL 316033, at *6-7 (N.D. W. Va. Jan. 5, 2018) (finding that because the expert at issue should have been disclosed in the plaintiff's case-in-chief, it was not rebuttal evidence); ***Akeva L.L.C. v. Mizuno Corp.***, 212 F.R.D. 306, 311 (M.D.N.C. 2002) (finding that the plaintiff violated Rule 16(f) for failing to timely disclose expert evidence); ***Congressional Air, Ltd. V. Beech Aircraft Corp.***, 176 F.R.D. 513 (D. Md. 1997) (excluding

rebuttal expert reports and testimony due to the untimely and inexcusable delay in their disclosure).

## **CONCLUSION**

Plaintiff failed to comply with the discovery orders and deadlines in this case. Therefore, Walmart respectfully requests that this Court strike Plaintiff's "rebuttal experts" as set forth above, in addition to any further relief the Court deems just and proper.

In the event that the Court determines Plaintiff's new slate of experts should not be stricken, Walmart respectfully requests that this matter be continued to allow the defendants adequate time to complete discovery of the Plaintiff's experts and extend the deadlines for challenging the admissibility of those experts, as necessary.

/s/
Daniel P. Frankl (VSB No. 26741)
Frankl Miller Webb & Moyers, LLP
Post Office Box 4126
Roanoke, Virginia 24015
Telephone: (540) 527-3515
Facsimile: (540) 527-3520
frankl@fmwm.law

Mary Quinn Cooper, *Admitted Pro Hac Vice*
Andrew Richardson, *Admitted Pro Hac Vice*
MCAFEE & TAFT, P.C.
Two West 2nd Street, Suite 1100
Tulsa OK 74103
(918) 574-3065
maryquinn.cooper@mcafeetaft.com
Andrew.richardeon@mcafeetaft.com

**Counsel for Defendants Brian Grimes and Walmart Transportation, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notifications of such filing to the following:

Ilya Rabkin
CHRISTINA PENDLETON & ASSOCIATES, PC.
1506 Staples Mill Road, Suite 101
Richmond, Virginia 23230
Telephone: (804) 250-5050
Facsimile: (804) 977-2392
ir@cpenlaw.com
**Counsel for Karen Preston**

Jonathan Halperin
HALPERIN LAW CENTER
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Telephone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
**Counsel for Karen Preston**

Christopher Kite
LUCAS & KITE, PLC
1819 Electric Road, Suite D
Roanoke, VA 24018
Telephone: (540) 767-2468
Facsimile: (540) 767-2473
ckite@lucasandkite.com
**Counsel for Franklin County Public Schools**


_____/s/_____
Daniel P. Frankl (VSB No. 26741)
Frankl Miller Webb & Moyers, LLP
Post Office Box 4126
Roanoke, Virginia 24015
Telephone: (540) 527-3515
Facsimile: (540) 527-3520
frankl@fmwm.law